Pkausox, 0. J.
The will gives an estate to Mrs. Troy for her life, with a remainder in fee to the infant son, subject fo a power of sale by her in respect to all and erery pari of the property, in the event that, in her judgment-, it should he necessary. This is a 'power apjiurle-ncnl io her lile - estate.; and the óslale which may he enacted by its exercise will take effect out o"the life estate giv> u, to' her. ¡>s well as out of tiie remainder.
A power of i-his description'is construed more favorably than a naked power given toa stranger, or a power ap-pendnrJ,' beeaus.-, a» its exercise will be in derogation of the óslate of the pmson to whom it is given, it is less apt to be resorted -to injudiciously than one given to a stranger, or one which'does not ail'cot the estate of the. person to whom it is given.
*80 From tbe whole will it is clear the intention of the testator was to confide in the judgment of bis wife, in respect to the necessity of selling property, either to pay his debts or for the support of herself; or for the support and education of their infant son ; and, for these purposes, (as long as she remains unmarried)- he gives her as full power to sell as he would have himself, if living. There is no reason why this intention should .not be allowed to take effect. The apprehension of the testator that, possibly, the power of sale conferred- on his wife might be construed t£so as to vest in her the absoluto title in fee simple” was groundless; for as an estate is expressly limited to her during the term of hc-r natural life, and the remainder in fee is also disposed of, there is no room for construction. It follows that the provisional appointment of a trustee has no legal effect, and the defendant, Alex. J..Troy, has no estate or interest in‘ the property ; and these provisions Lave no other effect than a tendency to show the fulness of the power conferred; and that the object was to give his wife as ample power to sell, if, in her judgment, it was necessary for the purposes above stated, as if .she- was the absolute owner.
The exercise of the power will vest in the purchaser an estate in fee simple, and he will not bo bound to seo to tbe application of the purchase money. • That will constitute a fund to be held by Mrs. Troy, • in ‘trust for the payment of the debts of her husband ; and in trust for the support of herself and the support and education of the infant child. And in such part as may not bo required for these purposes, she will -take a life estate with remainder in fee to the child- Like' all other trustees, she will be subject to the control of a Court of Equity, in res *81 pect to the proper application and management of the trust, fund.
There will be a decree declaring the rights of the parties. .The costs will be paid by the 'plaintiff, Mary Troy, out of tire assets of the estate.